**VALJEAN MANUFACTURING, INC., a California corporation, Martin Gruber, Plaintiffs–Counter–Defendants–Appellees–Cross–Appellants,**

**v.**

**MICHAEL WERDIGER, INC., a New York Corporation, Defendant–Appellant–Cross–Appellee,**

Richard Werdiger, Defendant–
Counter–Claimant,

Fred Gruber, Counter–Defendant.

Nos. 08–2982–cv(L), 08–3222–cv(XAP).

United States Court of Appeals,
Second Circuit.

June 4, 2009.

Roger B. Mead, Folger Levin & Kahn LLP, San Francisco, CA, (Alan R. Glickman, Schulte Roth & Zabel LLP, New York, N.Y., on the brief), for Appellee and Cross–Appellant Valjean Manufacturing, Inc.

Kenneth L. Bressler, (Jennifer S. Smith, on the brief), Blank Rome, LLP, New York, NY, for Appellant and Cross–Appellee Michael Werdiger, Inc.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER, and B.D. PARKER, Judges.

## SUMMARY ORDER

Plaintiffs-counter-defendants-appellees-cross-appellants Valjean Manufacturing., Inc. and Martin Gruber (collectively "Valjean") and defendant-appellant-cross-appellee Michael Werdiger, Inc. ("MWI") previously appealed from portions of a judgment awarding damages to Valjean for breach of contract in the amount of approximately $7 million. This Court re-

**650**

manded. *See Valjean Mfg., Inc. v. Michael Werdiger, Inc.*, 164 Fed.Appx. 7 (2d Cir.2005) (*Valjean I*). The district court reduced Valjean's award to approximately $4.7 million. The parties again appealed, and this Court again remanded. *See Valjean Mfg., Inc. v. Michael Werdiger, Inc.*, No. 05–0939–cv(L), 05–1502–cv(XAP), 2007 U.S.App. LEXIS 20475 (2d Cir. Aug. 27, 2007) (*Valjean II*). The district court issued a new order awarding Valjean damages of $6,006,467 plus prejudgment interest. The issue on this appeal is the accuracy of district court's calculation of interest to MWI for Cash Advances requested by Valjean under the terms of the Manufacturing and Security Agreement ("MSA"). We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

In *Valjean II*, we affirmed the district court's finding that payments made pursuant to the so-called 35 Percent Agreement qualified as Cash Advances under the MSA. We recognized that interest owed on Cash Advances is deducted from the monthly Valjean Payments under the terms of Section 5.1 of the MSA. *Valjean II*, 2007 U.S.App. LEXIS 20475, at *2–3. Having been affirmed in finding that MWI's advance payments were Cash Advances under the MSA, the district court reasonably applied the methodology set forth in the MSA on remand. The district court observed that Valjean would not owe interest once the Valjean Payments exceeded the Cash Advances. Given that interest would only "accrue on all *outstanding* Cash Advances," MSA ¶ 2.4 (emphasis added), we see no error in this determination. MWI's argument that the 35 Percent Agreement modifies the calculation of interest under the MSA is without merit.

MWI argues that the district court improperly included sales of Claar Jewelry and colored stones, as well as certain charges and adjustments, in calculating the monthly Valjean Payments. MWI only raises this challenge on the third appeal after previously including sales of Claar Jewelry and colored stones, as well as certain charges and adjustments, in its own accounting of Valjean Payments, MWI has therefore waived this challenge. MWI next argues that the district court erred in its interest calculation by failing to attribute to specific dates the accrual of two credits for import product expenses and colored stone expenses that were applied against the total Valjean Payments. To the extent that the district court simply followed the parties' stipulation to add those credits in determining the total Valjean Payments, there is no clear error in the interest calculation. MWI's other arguments are also without merit.

Finally, Valjean argues on cross-appeal that the district court should not have applied any interest credit in favor of MWI based upon the "interest-on-the-net balance rule." In *Valjean II*, this argument was raised and rejected by implication. *See Valjean II*, 2007 U.S.App. LEXIS 20475, at *2–3. Valjean's cross-appeal therefore fails under the law of the case doctrine. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir.1994) (stating that "the doctrine of the law of the case 'applies to issues that have been decided either expressly or by necessary implication.'" (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 788 (2d Cir. 1983))).

For the foregoing reasons, we **AFFIRM** the judgment of the district court.